UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RECEIVED
12 MAR -1 AM 8:50
CLERK, U.S. DIST. COURT
DULUTH, MN

James Irving Dale,

    Plaintiff,

-VS.-

Joel L. Brott,

Brian Frank,

Angela Knutson,

Dave Isias,

Lisa Kachmarek,

Bill (William) Hilden,

Unknown Correctional Officer,

    Defendants.

**AMENDED 42 U.S.C. 1983 CIVIL RIGHTS COPMLAINT AND ACTION**

Civil No. 12-383 (PJS/JSM)

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. 1983**

COMES now the Plaintiff, James Irving Dale, pursuant to 42 U.S.C. 1983 and hereby brings this civil rights action alleging violations of plaintiff's First, Sixth, and Fourteenth Amendment Rights under the United States Constitution, and a violation of the Equal Protection clause of the United States Constitution.

**PARTIES**

The plaintiff, James Irving Dale, is an inmate incarcerated at the Sherburne County Jail in Elk River, Minnesota, he has been incarcerated there since June 29, 2011, while awaiting trial for third degree burglary. Defendant, Joel L. Brott, is the Sherburne County Sheriff and has control and custody of the plaintiff while he awaits trail. Defendant, Brain Frank, is a Jail Administrator at the Sherburne County Jail and is in charge of the day to day operations of the jail. Defendant, Angela Knutson, is a Jail Administrator at the Sherburne County Jail and is in charge of the day to day operations of the jail. Defendant, Dave Isias, is a Jail Captain at the Sherburne County Jail and directly supervises correctional officers and other jail staff. Defendant, Lisa Kachmarek, is a Seargent a the Sherburne County Jail and presides over inmate disciplinary hearings. Defendant, Bill (William) Hilden, is a Correctional officer at the Sherburne County Jail. Defendant,

SCANNED
MAR 0 1 2012
U.S. DISTRICT COURT DULUTH

Unknown Correctional Officer, is an employee at the Sherburne County Jail who will be named later. Plaintiff brings this 42 U.S.C. 1983 Civil Rights action against all of the aforementioned Defendants in both there personal and professional capacities.

## FACTS

1. Since June 29, 2011, plaintiff has been incarcerated in the Sherburne County Jail while awaiting trial for third degree burglary charges.
2. Plaintiff is representing himself, pro-se, in the criminal charges against him (Plaintiff's legal declaration paragraph 10).
3. Starting in early July, 2011, the plaintiff has tried to get jail staff to provide him with case law or other judicial decisions so that he could make informed legal decisions regarding the criminal charges against him (Plaintiff's legal declaration paragraphs 21 and 22).
4. Plaintiff has filed several grievances and a letter addressed to jail administrator, Angela Knutson, requesting that he be provided with case law or cited judicial authorities (Plaintiff's legal declaration paragraphs 23, 25, 27).
5. Each time the defendants denied plaintiff's requests to be provided with case law or other cited judicial authorities (Plaintiff's legal declaration paragraphs 24, 26, 28).
6. Plaintiff has pointed out that he can not litigate his case as a pro-se defendant with out access to case law ( Plaintiff's legal declaration paragraph 27).
7. On January 29, 2011, jail administrator, Angela Knutson, sent plaintiff a letter telling him to get case law from his standby counsel if he needed it ( Plaintiff's legal declaration paragraph-28).
8. Plaintiff was not appointed standby counsel by the court ( Plaintiff's legal declaration paragraph 29).
9. Since learning that the plaintiff was representing himself in his criminal matter defendant Hilden has on several occasions made remarks about plaintiff's pro-se status, and let plaintiff know that he does not like the fact that plaintiff is representing himself (Plaintiff's legal declaration paragraph 30).
10. On December 16, 2011, while incarcerate in the Community Release (CR) unit of the Sherburne County Jail, inmate Allen Giller ordered plaintiff to go move a shower mat, when plaintiff refused inmate Giller threatened to assault plaintiff (Plaintiff's legal declaration paragraph 32).

11. Defendant Hilden heard inmate Giller threatening the plaintiff; then sided with inmate Giller and ordered plaintiff to go move the shower mat or he would be locked down (Plaintiff's legal declaration paragraphs 33 and 34).

12. Plaintiff complied with defendant Hilden's order and moved the shower mat so that he would not be placed in lock down (Plaintiff's legal declaration paragraph 35)

13. After plaintiff moved the shower mat, inmate Giller continued to call the plaintiff names and threaten him ( Plaintiff's legal declaration paragraph 36)

14. When plaintiff asked inmate Giller to stop calling him names and threatening him, inmate Giller threatened to kill the plaintiff (Plaintiff's legal declaration paragraph 36).

15. These threats were heard by several other inmates in the vicinity of the incident (Plaintiff's legal declaration paragraph 37).

16. Defendant Hilden then ordered both inmate Giller and the plaintiff to go to there cells and lock down (Plaintiff's legal declaration paragraph 38).

17. Defendant Hilden then told inmate Giller, in front of several other inmates, that he would make sure that plaintiff went to the Special Housing Unit (SHU) and that no sanctions would be imposed on inmate Giller for threatening the plaintiff (Plaintiff's legal declaration paragraph 39).

18. A short time later plaintiff was taken out of the CR cell block and placed in the SHU (Plaintiff's legal declaration paragraph 40).

19. While plaintiff was being taken out of the cell block defendant Hilden told plaintiff that he was being placed in the SHU because of his pro-se status (Plaintiff's legal declaration paragraph 40).

20. On December 19, 2011, plaintiff was charged with violating rules number #6 "Disturbing Others," and #37 "Interfering With Staff in the Course of there Duties," (Plaintiff's legal declaration paragraph 41).

21. On December 19, 2011, plaintiff filed a grievance regarding the incident in the CR cell block and pointing out that inmate Giller had threatened plaintiff (Plaintiff's legal declaration paragraph 42).

22. Defendant Isais responded and stated that the incident would be passed on to the jail investigator for review (Plaintiff's legal declaration paragraph 43).

23. No investigator ever talked to plaintiff about his life being threatened, nor was inmate Giller

- ever charged with threatening the plaintiffs life on December 16, 2011 (Plaintiff's legal declaration paragraph 46).
24. On December 21, 2011, plaintiff had a disciplinary hearing on the aforementioned charges, defendant Kachmarek presided over the hearing (Plaintiff's legal declaration paragraph 44)
25. Plaintiff was found guilty of the aforementioned charges and sentenced to three days in the SHU (Plaintiff's legal declaration paragraph 45).
26. Plaintiff appealed the disciplinary hearing findings to defendant Knutson and requested that the disciplinary hearing findings be overturned (Plaintiff's legal declaration paragraph 47).
27. Defendant Knutson denied plaintiff's request to have the disciplinary hearing findings overturned (Plaintiff's legal declaration paragraph 48).
28. After plaintiff's sentence was complete; plaintiff had to spend another three days in the SHU for verbal abuse of staff (Plaintiff's legal declaration paragraph 49).
29. When plaintiff's sentence was completed for the aforementioned charges the defendants continued to hold plaintiff in a disciplinary unit for 42 more days with out any type of disciplinary hearing or due process (Plaintiff's legal declaration paragraph 50).
30. While plaintiff was being held in the disciplinary unit for 42 days past his disciplinary sentence he was not allowed to participate in the same jail programs general population inmates at the Sherburne County Jail are allowed to participate in (Plaintiff's legal declaration paragraph 55)
31. On January 14, 2012, plaintiff filed a grievance regarding the fact that he was still being held in a disciplinary lock down after his disciplinary sentence was complete with out any type of hearing or due process (Plaintiff's legal declaration paragraph 51)
32. On January 17, 2012, defendant Knutson responded and stated that the plaintiff would be moved when a cell became open (Plaintiff's legal declaration paragraph 52).
33. Several other inmates whose disciplinary sentences had been completed were let out of lock down while plaintiff continued to wait for the defendants to move him out of disciplinary lock down (Plaintiff's legal declaration paragraph 53).
34. On February 4, 2012, 42 days after plaintiff's disciplinary lock down sentence was complete he was let out of lock down and placed back in the Community Release block (Plaintiff's legal declaration paragraph 54).
35. On July 5, 2011, less than a week after the plaintiff was in custody the state destroyed

4.

evidence that was exculpatory and could have exonerated plaintiff at a criminal trail (Plaintiff's legal declaration paragraph 13).

36. On December 27, 2011, plaintiff submitted a motion to suppress any evidence that the state had destroyed from his criminal trail (Plaintiff's legal declaration paragraph 15).

37. On January 9, 2012, a suppression hearing was held in Sherburne County District Court, Tenth Judicial District on plaintiff's motion to suppress, the Honorable Judge Mary A. Yunker presided (Plaintiff's legal declaration paragraph 16).

38. At that hearing plaintiff argued that his due process rights were violated when the police destroyed exculpatory evidence, less than a week after plaintiff was in custody, and that plaintiff's statement to the police was involuntary because the police threatened and assaulted the plaintiff ((Plaintiff's legal declaration paragraph 17).

39. On January 12, 2012, Judge Yunker, denied plaintiff's motions to suppress his statement to the police, and the evidence the state destroyed on the grounds that the plaintiff did not cite any legal authorities, or present enough evidence to back his claims (Plaintiff's legal declaration paragraph 18).

40. Plaintiff was unable to call witnesses that he needed, or bring the proper legal materials to his January 9, 2012, suppression hearing becuase plaintiff was in the SHU, or disciplinary lock down for 42 days past his sentence, due to the ongoing pattern of retaliation by the defendants (Plaintiff's legal declaration paragraph 56).

41. Plaintiff was unable to cite any legal authorities at his January 9, 2012, hearing or file a brief on the issues becuase plaintiff does not have access to legal authorities or case law at the jail, and the defendants refuse to provide plaintiff with the legal materials needed to properly litigate his criminal case (Plaintiff's legal declaration paragraph 57).

42. The unconstitutional actions of the defendants have prevented plaintiff from being able to properly represent himself, and caused plaintiff's criminal case to drag on for several more months, while plaintiff continues to be incarcerated (Plaintiff's legal declaration paragraphs 56, 57, 58).

43. Defendants refuse to make photo copies of grievances, or any other documents that could be used to file a civil rights action against the Sherburne County Jail, or jail staff (Plaintiff's legal declaration paragraph 14).

## LEGAL CLAIM

That defendant Bill Hilden under color of law with deliberate indifference and reckless disregard violated plaintiff's Fourteenth Amendment right to equal protection under the law and did retaliate against the plaintiff for exercising his First Amendment right to represent himself in a court of law. That defendant Lisa Kachmarek under the color of law with deliberate indifference and reckless disregard did violate plaintiff's Sixth Amendment right to due process of law and plaintiff's Fourteenth Amendment right to equal protection under the law. That defendant Dave Isais did under color of law; tacitly authorized defendant Hilden's actions against the plaintiff, did turn a blind eye and was deliberately indifferent to the Constitutional violations against the plaintiff perpetrated by his subordinate defendant Bill Hilden. That defendant Brain Frank under color of law was deliberately indifference to the plaintiff's First Amendment rights, and did tacitly authorize and turn a blind eye and was deliberately indifferent to the actions of his subordinates who violated plaintiff's First, Sixth and Fourteenth Amendment Rights guaranteed under the Constitution. That defendant Angela Knutson under color of law was deliberately indifference to the plaintiff's First, Sixth and Fourteenth Amendment rights, and did tacitly authorize and turn a blind eye and was deliberately indifferent to the actions of her subordinates who violated plaintiff's First, Sixth and Fourteenth Amendment Rights guaranteed under the Constitution. That defendant Joel L. Brott under color of law did tacitly authorize, turn a blind eye and act deliberately indifferent to the First, Sixth and Fourteenth Amendment violations carried out by his subordinates against the plaintiff. That an unknown correctional officer to be named later, under color of law, with deliberate indifference did conspire with the other named defendants to violate plaintiff's First, Sixth and Fourteenth Amendment rights guaranteed under the United States Constitution.

## RELIEF REQUESTED

Plaintiff respectfully requests a trial in this matter and should the defendants be found to have violated the plaintiff's First, Sixth and Fourteenth Amendment rights guaranteed by the United Sates Constitution that this Court grant plaintiff the following relief:

1. Order the defendants to provide the plaintiff with an adequate law library that includes both state and federal case law (Judicial Authorities: N.W. 2d, F. 2d, F. 3d) either in a book form or a computer format, such a West Law, or some other type of legal service which will allow plaintiff access to the adequate legal materials needed for him to represent himself in court.

2. Order the defendants to review and change there policy in regards to housing federal and county inmates together in the same housing area.
3. Order defendant Bill Hilden to pay compensatory damages in the amount of $10,000 to the plaintiff.
4. Order defendants Joel L. Brott, Angela Knutson, Brian Frank, Dave Isias, Lisa Kachmarek and the unknown correctional officer to pay compensatory damages in the amount of $5,000 each individually to the plaintiff.
5. Order defendant Bill Hilden to pay punitive damages in the amount of $25,000 to the plaintiff.
6. Order defendants Joel L. Brott, Angela Knutson, Brian Frank, Dave Isias, Lisa Kachmarek and the unknown correctional officer to pay punitive damages in the amount of $15,000 each individually to the plaintiff.
7. Order all of the above named defendants to pay nominal damages in the amount of $1.00 to the plaintiff.

Signed and submitted this 22nd day of February, 2012.

*James Irving Dale*
James Irving Dale
13880 Highway 10
13880 Business Center Drive
Elk River, MN 55330