UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES IRVING DALE, | Case No. 12-CV-0383 (PJS/JSM) |
| Plaintiff, | |
| v. | ORDER |
| JOEL L. BROTT, BRIAN FRANK, ANGELA KNUTSON, DAVE ISIAS, LISA KACHMAREK, BILL (WILLIAM) HILDEN, and UNKNOWN CORRECTIONAL OFFICER, | |
| Defendants. | |

James Irving Dale, pro se.

Jason M. Hill, JOHNSON & LINDBERG, P.A., for defendants.

This matter is before the Court on defendants' objection to the July 23, 2013 Report and Recommendation ("R&R") of Magistrate Judge Janie S. Mayeron. The objection is overruled, and Judge Mayeron's thorough and careful R&R is adopted.

Plaintiff James Dale filed this action under 42 U.S.C. § 1983 against the Sherburne County sheriff and several employees of the Sherburne County Jail. Dale brings various claims, including a claim that defendants violated his right of access to the courts. In the R&R, Judge Mayeron recommends that defendants' motion for summary judgment be granted, and in particular recommends that Dale's access-to-court claim be dismissed without prejudice because it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Defendants object to the recommendation that Dale's access-to-court claim be dismissed without prejudice. Defendants argue that the Court should dismiss the claim with prejudice on

one or more of several alternative grounds, such as qualified immunity.  The Court declines to do so.

Certainly, the Court *may* choose to dispose of a claim on qualified immunity or other grounds without first addressing the applicability of *Heck*.  See *Lawrence v. City of St. Paul*, 740 F. Supp. 2d 1026, 1036 (D. Minn. 2010).  But defendants cite — and the Court is aware of — no authority for the proposition that the Court *must* address the issue of qualified immunity before dismissing a claim under *Heck*.  To the contrary, courts regularly dismiss claims on the basis of *Heck* without reaching the issue of qualified immunity.  See *Connors v. Graves*, 538 F.3d 373, 378 (5th Cir. 2008) (declining to consider qualified immunity and affirming dismissal under *Heck*); *Hicks v. Barberton Police Dep't*, No. 11-76, 2012 WL 5833565, at *6 (N.D. Ohio Nov. 15, 2012) ("Because the Court has found that Hicks's excessive force claim is barred by *Heck*, it need not address defendants' remaining arguments regarding their entitlement to qualified immunity . . . ."); *Puch v. Vill. of Glenwood*, No. 05-1114, 2012 WL 2502688, at *3 n.5 (N.D. Ill. June 27, 2012) ("Because the court finds that the claim is barred by *Heck*, the court need not reach the issue of qualified immunity as it applies to the false arrest claim."). Defendants' objection is therefore overruled.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court ADOPTS the R&R [ECF No. 44].  IT IS HEREBY ORDERED THAT:

1. Defendants' motion for summary judgment [ECF No. 27] is GRANTED.
2. Plaintiff's claim for denial of access to the courts is DISMISSED WITHOUT PREJUDICE.

3. Plaintiff's remaining claims are DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 5, 2013              s/Patrick J. Schiltz
                                      Patrick J. Schiltz
                                      United States District Judge